IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

LYDON MCCANN-MCCALPINE,   :
                          :
       Plaintiff,          :
                          :
      v.              : Civil Action No. 23-1458-CFC
                          :
DELAWARE LOTTERY, et al.,    :
                          :
       Defendants.     :

Lydon McCann-McCalpine, Dover, Delaware.  Pro Se Plaintiff.

## **MEMORANDUM OPINION**

May 14, 2024
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

On December 21, 2023, Plaintiff Lydon McCann-McCalpine filed his *pro se* Complaint in this matter. (D.I. 2) He has been granted leave to proceed *in forma pauperis*. (D.I. 4) Plaintiff's Amended Complaint (D.I. 6) is the operative pleading. The Court proceeds to screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

Plaintiff brings this purported class action against the Delaware Lottery and Bally's Casino and Sportsbook. He claims that Defendants offered the standard odds system for sports betting used by other casinos (or possibly failed to disclose that they were not using the standard system), but paid winners through a system that pays less than the standard system.

Plaintiff brings claims for breach of express warranty, unjust enrichment, violations of Delaware's Deceptive Trade Practices Act, and violations of consumer protection acts from across the country (on behalf of the putative class). Plaintiff seeks injunctive relief and damages.

## II.   LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Amended Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020).   Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).  A plaintiff must plead facts sufficient to show that

2

a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III.  DISCUSSION

Plaintiff has failed to state a claim. His allegations come in the form of generalities about the "standard" odds system for sports betting, without explaining with specificity how that system works, giving examples of casinos that employ that system (and any additional fees used by such casinos), or how Defendants'

3

system deviates from the standard system.  Plaintiff will be given leave to file a second amended complaint.[1]

## IV.   CONCLUSION

For the above reasons, the Court will dismiss the Amended Complaint. Plaintiff will be given leave to amend.

This Court will issue an Order consistent with this Memorandum Opinion.

---

[1] In the Amended Complaint, Plaintiff asserts that he is a Maryland resident.  (D.I. at 3)  The address he lists in the Amended Complaint and elsewhere, however, is in Delaware.  Additionally, he indicated in his civil cover sheet that he is a Delaware resident.  Should Plaintiff choose to file a second amended complaint, he should clarify, with factual support, the state of which he is a resident.