IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LYDON McCANN-McCALPINE,          )<br>                                                            )<br>                    Plaintiff,              )<br>                                                            )<br>        v.                                              )      C.A. No. 23-1458-CFC-EGT<br>                                                            )<br>DELAWARE LOTTERY et al.,        )<br>                                                            )<br>                    Defendants.          )  | |

### REPORT AND RECOMMENDATION

Plaintiff Lydon McCann-McCalpine filed his original Complaint on December 21, 2023, which he amended on April 12, 2024. (D.I. 2 & 6). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). The First Amended Complaint was screened by Chief Judge Connolly, who dismissed it for failure to state a claim, but with leave to amend. (D.I. 7 at 3-4). The Court proceeds to screen the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that the Second Amended Complaint be DISMISSED WITHOUT PREJUDICE.

**I.      BACKGROUND**

Plaintiff attempts to bring a class-action lawsuit against Delaware Lottery and Bally's Casino for their deceptive practices in parlay bet payouts. (*See* D.I. 9). As alleged in the Second Amended Complaint, a parlay is a betting mechanism that allows a gambler to connect discrete events and bet on a successive number of those events occurring. (*Id.* ¶ 3). A parlay will only pay out if each event in the parlay (referred to as legs) has the outcome the gambler chose when placing the bet. (*Id.*). According to Plaintiff, Defendants use a parlay calculation that deviates from the standard calculation in a way that results in a lower payout to winning bets. (*Id.*). Plaintiff asserts claims of breach of express warranty, unjust enrichment, violations of Delaware's Deceptive Trade

Practices Act and violations of consumer protection acts across the country on behalf of the class. (*Id.* ¶¶ 36-79). Plaintiff seeks injunctive relief and damages. (*Id.* at 21-22 (prayer for relief)).

## II.     LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Ad. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. Class-Action Claims

Plaintiff purports to bring this lawsuit on behalf of himself and other members of his proposed class. (D.I. 9 ¶ 1 ("Plaintiff brings this action individually and on behalf of a proposed class and subclass . . . of similarly situated consumers, nationwide and in Delaware . . . .")). Federal Rule of Civil Procedure 23(a) provides that class members may sue on behalf of the class only if:

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

3

FED. R. CIV. P. 23(a).  Failure to satisfy any one of the four elements in Rule 23(a) precludes a suit from proceeding as a class action.  *See In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 309 (3d Cir. 2008).

As to the fourth factor, Plaintiff claims that he would be an adequate representative.  (D.I. 9 ¶ 33).  The Court disagrees.  "Adequate representation depends on two factors:  (a) the plaintiff's attorney must be qualified, experienced, and generally able to conduct the proposed litigation, and (b) the plaintiff must not have interests antagonistic to those of the class."  *Wetzel v. Liberty Mut. Ins. Co.*, 508 F.2d 239, 247 (3d Cir. 1975).  Plaintiff proceeds in this action *pro se*, and he does not appear to be an attorney.  Non-lawyer *pro se* litigants are unable to represent other members of a class in class-action proceedings.  *See, e.g.*, *Hagan v. Rogers*, 570 F.3d 146, 158-59 (3d Cir. 2009) ("[P]ro se litigants are generally not appropriate as class representatives."); *Ezekoye v. Ocwen Fed. Bank FSB*, 179 F. App'x 111, 113 (3d Cir. 2006) ("[A] *pro se* litigant may not represent the interest of a class in a class action lawsuit.").  Indeed, some courts have even held that *pro se* plaintiffs who are attorneys proceeding *in forma pauperis* would not be adequate class representatives.  *See, e.g.*, *Doyle v. Sw. Airlines, Inc.*, C.A. No. 17-11767 (JMV) (MF), 2018 WL 1128775, at *7 (D.N.J. Mar. 1, 2018) (dismissing complaint at screening because *pro se* attorney plaintiff proceeding *in forma pauperis* was unable to adequately represent the putative class).

As a non-lawyer, Plaintiff is not sufficiently qualified or experienced to adequately represent the interests of the proposed class or to conduct this litigation as a class action.  *See Parker v. Deputy Bureau Chief Werdal Luryd*, C.A. No. 16-979-RGA, 2016 WL 7007480, at *4 (D. Del. Nov. 28, 2016) ("[H]e is unable to satisfy the adequacy of representation factor because he is without sufficient legal education.").  Moreover, that Plaintiff proceeds *in forma pauperis*

4

suggests that he lacks the financial ability[1] to undertake this matter on behalf of numerous other members of the proposed class. *See, e.g.*, *Raynor v. City of Philadelphia*, C.A. No. 96-0041, 1996 WL 20680, at *1 (E.D. Pa. Jan. 5, 1996) ("Clearly however, because of his indigence, plaintiff would not be an adequate class representative in view of the expenses that class representation entails."). The Court therefore recommends that Plaintiff's claims brought on behalf of a proposed class be dismissed pursuant to § 1915(e)(2)(B) without prejudice to reassert if Plaintiff retains adequate counsel.

### B.   Subject Matter Jurisdiction

Plaintiff alleges that subject matter jurisdiction exists in this case based on class-action diversity under 28 U.S.C. § 1332(d)(2). (D.I. 9 ¶ 5).[2] As previously discussed, however, Plaintiff should not be permitted to pursue his proposed class action without an attorney representing him. To the extent that Plaintiff is pursuing individual claims based on state law (*id.* ¶¶ 36-79), he must plausibly allege (with adequate factual support) that diversity jurisdiction exists under § 1332(a). *See Samuel-Bassett v. KIA Motors Am.*, Inc., 357 F.3d 392, 396 (3d Cir. 2004) ("The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court."). Plaintiff has not done so.

Plaintiff is a resident of Maryland. (D.I. 9 ¶ 10).[3] He alleges that "Defendants Delaware Lottery & Bally's Corporation *is* a Delaware for profit corporation . . . ." (*Id.* ¶ 11 (emphasis added)). It is unclear whether Plaintiff is alleging that one of Defendants is a Delaware corporation

---

[1]   Plaintiff has $360 in monthly income and $450 in monthly expenses. (D.I. 1 at 2 & 5).

[2]   Plaintiff generically refers to "federal question" in one paragraph of the Second Amended Complaint. (D.I. 9 ¶ 6). Plaintiff does not, however, refer to any federal laws or violations thereof. The Court is unable to conclude any federal question exists here.

[3]   Plaintiff was previously instructed to clearly allege his residency. (D.I. 7 at 4 n.1).

– or that **both** Defendants are Delaware corporations. The Court is unable to determine whether complete diversity exists here without knowing the citizenship of both Defendants. *See Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) ("Complete diversity requires that, in cases with multiple plaintiffs or multiple defendants, no plaintiff be a citizen of the same state as any defendant.").

Plaintiff also does not plead an amount in controversy sufficient to confer diversity jurisdiction over his individual state law claims. Although he alleges damages in excess of $100,000,000, that amount was for every member of the proposed class. (D.I. 9 ¶ 5). As to Plaintiff's individual claims, he only pleads damages "well over $1,000." (*Id.* ¶ 23). Without more, Plaintiff has failed to plausibly allege an amount in controversy that exceeds $75,000, as is required for diversity jurisdiction. *See Suber v. Chrysler Corp.*, 104 F.3d 578, 583 (3d Cir. 1997) ("[C]ourts generally rely on the plaintiff's allegations of the amount in controversy as contained in the complaint.").

Because Plaintiff may be able to plausibly allege facts to support diversity jurisdiction in this case, amendment would not be futile. In any amended pleading, however, Plaintiff must clearly allege the citizenship of each Defendant or, at a minimum, allege that each Defendant is not a citizen of Plaintiff's state of citizenship. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 106-07 (3d Cir. 2015). To the extent that the amount in controversy for Plaintiff's individual claims falls below $75,000, he must pursue his individual state law claims in state court.

Therefore, the Court recommends that the Second Amended Complaint be dismissed without prejudice under § 1915(e)(2)(B) and that Plaintiff be given the option to (1) file a further amended complaint with subject matter jurisdiction properly alleged as to his individual claims or (2) file this action in state court. Plaintiff must obtain counsel to assert any class-action claims.

### IV. CONCLUSION

For the foregoing reasons, the Court recommends that the Second Amended Complaint (D.I. 9) be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Any objections to the Report and Recommendation shall be limited to ten (10) double-spaced pages and filed within fourteen (14) days after being served with a copy of this Report and Recommendation. *See* FED. R. CIV. P. 72(b)(2); *see also* FED. R. CIV. P. 6(d). Failure of a party to object to legal conclusions may result in the loss of the right to *de novo* review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987).

Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: March 27, 2025

_____
UNITED STATES MAGISTRATE JUDGE